IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Aaron Bennett, | ) | Case No. 4:24-cv-00027-JDA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| The State of South Carolina, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on a Report and Recommendation ("Report") of the Magistrate Judge [Doc. 27] and a motion to appoint counsel filed by Plaintiff [Doc. 35]. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Kaymani D. West for pre-trial proceedings.

On February 27, 2024, the Magistrate Judge issued a Report recommending that Plaintiff's Amended Complaint [Doc. 23] be summarily dismissed without prejudice because it fails to cure the deficiencies identified in the original Complaint and fails to state a claim upon which relief may be granted. [Doc. 27.] The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. [*Id*. at 5.] Plaintiff filed objections to the Report on March 8, 2024 [Doc. 30], and on April 11, 2024, Plaintiff filed a motion to appoint counsel [Doc. 35].

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber,* 423 U.S. 261, 270–71

(1976).  The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made.  The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b).  The Court will review the Report only for clear error in the absence of an objection.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

The Magistrate Judge recommends dismissing the Amended Complaint because the Eleventh Amendment bars suit against the State of South Carolina in this case.  [Doc. 27 at 3.]  In his objections, Plaintiff acknowledges that the Eleventh Amendment bars his claim against Defendant but states that he "wish[es] to file a complaint against the [C]ounty of [F]lorence instead of the State of South Carolina."  [Doc. 30 at 1.]  However, even liberally construing Plaintiff's objections as a motion to amend the Amended Complaint, the Court overrules Plaintiff's objections because such amendment would be futile.  *See Matrix Cap. Mgmt. Fund, LP v. BearingPoint, Inc.*, 576 F.3d 172, 193 (4th Cir. 2009) ("[L]eave to amend [under Rule 15(a) of the Federal Rules of Civil Procedure] should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or amendment would be futile.").

To state a § 1983 claim against a county or municipality, a plaintiff must "adequately plead and prove the existence of an official policy or custom that is fairly

attributable to the municipality and that proximately caused the deprivation of their rights." *Jordan by Jordan v. Jackson*, 15 F.3d 333, 338 (4th Cir. 1994); *see Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). In his Amended Complaint, Plaintiff does not allege the existence of any policy or custom that resulted in his unlawful arrest, but instead alleges that he was unlawfully arrested "due to the arresting officers['] negligence."[1] [Doc. 23 at 4.] A county "cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691. Accordingly, Plaintiff's proposed amendment would be futile, as he cannot adequately plead a *Monell* claim against the County of Florence.

Out of an abundance of caution for the pro se party, the Court has conducted a de novo review of the Report, the record, and the applicable law. Upon such review, the Court accepts the Report and Recommendation of the Magistrate Judge and incorporates it by reference. Accordingly, this action is DISMISSED without prejudice and without issuance and service of process, and Plaintiff's motion to appoint counsel [Doc. 35] is DENIED.[2]

IT IS SO ORDERED.

s/ Jacquelyn D. Austin
United States District Judge

January 23, 2025
Florence, South Carolina

---

[1] Although Plaintiff alleges that the officers "acted stereotypically" when searching his car [Doc. 23 at 4], there is no indication, viewed in the context of the entire Amended Complaint, that Plaintiff is alleging that the officers acted in conformity with an existing policy or procedure.

[2] Because the Court concludes that Plaintiff has not presented a colorable claim even if granted a second amendment, appointment of counsel is not warranted in this case. *See Jenkins v. Woodard*, 109 F.4th 242, 247 (4th Cir. 2024).

## **NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.